AS YOU RECALL I MET WITH YOU AND RALPH COLLINS IN YOUR OFFICE BACK IN AUGUST CONCERNING THE DISPOSITION OF CERTAIN FUNDS WHICH HAVE BEEN RECEIVED BY THE OKFUSKEE MEMORIAL HOSPITAL AUTHORITY FROM THE LEASE OF THE COUNTY HOSPITAL IN OKFUSKEE COUNTY TO THE CREEK NATION. SINCE OUR CONVERSATION I HAVE READ THROUGH THE OKFUSKEE MEMORIAL HOSPITAL AUTHORITY TRUST INDENTURE SEVERAL TIMES AS WELL AS THE OKFUSKEE MEMORIAL HOSPITAL LEASE AGREEMENT WITH THE COUNTY AND THE SUBLEASE AGREEMENT BETWEEN THE HOSPITAL AUTHORITY AND THE CREEK NATION. I ALSO HAD A SUBSEQUENT CONVERSATION WITH MR. COLLINS AND BRIEFLY DISCUSSED THE ISSUES WITH THE BOND ATTORNEY WHO HAD DRAFTED THE ORIGINAL TRUST INSTRUMENTS AND ORIGINAL TRUST LEASE. DURING THE CONVERSATION I HAD WITH YOU AND MR. COLLINS YOU INDICATED THAT YOU WANTED AN INFORMAL LETTER OUTLINING SOME OF THE LEGAL ISSUES BEFORE YOU REQUESTED AN OFFICIAL ATTORNEY GENERAL'S OPINION. THE LEGAL OPINIONS IN THIS LETTER ARE SOLELY MY PERSONAL LEGAL OPINIONS AND DO NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. THERE ARE ESSENTIALLY THREE QUESTIONS WHICH I WILL ADDRESS: 1. MAY THE TRUSTEES OF THE OKFUSKEE MEMORIAL HOSPITAL AUTHORITY LAWFULLY EXPEND MONIES DEPOSITED IN THE HOSPITAL RENTALS ACCOUNT (AN ACCOUNT CURRENTLY KEPT BY THE COUNTY TREASURER) AS THEY MAY DEEM ADVISABLE? 2. DOES OKFUSKEE COUNTY OR THE OKFUSKEE COUNTY HOSPITAL AUTHORITY RECEIVE THE INTEREST ON THE FUNDS ON DEPOSIT TO THE CREDIT OF THE HOSPITAL AUTHORITY? 3. MUST THE TRUSTEES ACCOUNT FOR INTEREST INCOME IN THESE ACCOUNTS IF THE AUTHORITY RECEIVES THE INTEREST INCOME? THIS OPINION LETTER WILL BE BASED ON THE FOLLOWING ASSUMED FACTS. OKFUSKEE COUNTY OWNS THE HOSPITAL FACILITY WHICH INCLUDES THE LAND AND BUILDING AND PERHAPS SOME OF THE EQUIPMENT AT THE HOSPITAL FACILITY. IN 1976 OKFUSKEE COUNTY LEASED THE HOSPITAL FACILITY TO THE OKFUSKEE MEMORIAL HOSPITAL AUTHORITY FOR A TERM OF 50 YEARS. THIS TERM COULD ONLY BE EXTENDED IF THERE WERE OUTSTANDING OBLIGATIONS OF THE AUTHORITY WHICH HAD NOT BEEN PAID AFTER THE 50 YEAR TERM EXPIRED. THE HOSPITAL FACILITIES ARE DEBT FREE AND ANY GENERAL OBLIGATION BONDS WHICH HAD ORIGINALLY BEEN ISSUED BY OKFUSKEE COUNTY FOR HOSPITAL PURPOSES HAVE LONG SINCE BEEN PAID. THE OKFUSKEE MEMORIAL HOSPITAL AUTHORITY HAS NEVER ISSUED ANY REVENUE BONDS AND IT TOO HAS NO OUTSTANDING OBLIGATIONS SECURED BY INCOME GENERATED FROM THE HOSPITAL. THE CREEK NATION SUBLEASED THE HOSPITAL FROM THE OKFUSKEE MEMORIAL HOSPITAL AUTHORITY IN 1977 FOR A TERM OF 26 YEARS. THE HOSPITAL AUTHORITY HAS MAINTAINED A RENTALS ACCOUNT WITH THE OKFUSKEE COUNTY TREASURER SINCE THE TRUST WAS CREATED IN 1976. THE AUTHORITY HAS DEPOSITED ALL RENTALS IT HAS RECEIVED FROM THE CREEK NATION IN THIS ACCOUNT ON DEPOSIT WITH THE COUNTY TREASURER. AS OF THIS DATE THE HOSPITAL AUTHORITY'S SOLE FUNCTION AT THIS POINT IS TO COLLECT RENTALS AND PAY THEM INTO THE ACCOUNT WITH THE COUNTY TREASURER EXCEPT THAT THE BOARD OF TRUSTEES DOES INSPECT THE FACILITY FROM TIME TO TIME. IT IS CLEAR THAT THE ANSWER TO THE FIRST QUESTION IS THAT THE FUNDS CURRENTLY ON DEPOSIT WITH THE COUNTY TREASURER ARE STILL THE FUNDS OF THE TRUST AUTHORITY. CONSISTENT WITH THE ORIGINAL TRUST INDENTURE THE HOSPITAL AUTHORITY COULD SPEND THIS MONEY IF IT WERE NECESSARY FOR THE UPKEEP OF THE HOSPITAL OR WAS RELATED TO MAINTAINING OR IMPROVING THE CURRENT HOSPITAL FACILITIES. I CAN ALSO SEE NOTHING IN THE TRUST INSTRUMENTS WHICH REQUIRE THAT THE TRUST AUTHORITY MAINTAIN ALL OF ITS FUNDS WITH THE COUNTY. READING THE TRUST INSTRUMENTS AS A WHOLE, IT IS CLEAR THAT THEY WERE DRAFTED FOR THE PRIMARY PURPOSE OF FINANCING SOME IMPROVEMENTS OR NEW CONSTRUCTION THROUGH THE ISSUANCE OF REVENUE BONDS. THE TRUST INDENTURE REQUIRES THAT ANY MONEY RECEIVED BY THE AUTHORITY MUST FIRST BE USED TO PAY WHATEVER INDEBTEDNESS HAS BEEN INCURRED. THE TRUST INDENTURE FURTHER PROVIDES THAT AFTER SUCH DEBTS ARE PAID THAT THE AUTHORITY SHALL "DISTRIBUTE THE RESIDUE AND REMAINDER OF SUCH FUNDS TO THE BENEFICIARY MUNICIPALITY." TRUST INDENTURE PAGE 10. REGARDING THE AUTHORITY'S GENERAL ABILITY TO SPEND FUNDS AND INCOME DERIVED FROM THE OPERATION OF THE HOSPITAL THE TRUST INDENTURE CLEARLY GIVES THE TRUSTEES THE POWER TO COLLECT SUCH FUNDS AND TO SPEND THEM IN FURTHERANCE OF THE TRUST PURPOSES. IN MY OPINION THE FUNDS ON DEPOSIT WITH THE COUNTY TREASURER WHICH HAVE BEEN MAINTAINED IN A SEGREGATED HOSPITAL RENTALS ACCOUNT WOULD STILL BE CONSIDERED FUNDS OF THE TRUST AND COULD BE DISBURSED BY THE TRUST AUTHORITY FOR FURTHERANCE OF TRUST PURPOSES. I WOULD POINT OUT, HOWEVER, THAT THE TRUST INDENTURE MANDATES THAT THE TRUST AUTHORITY PERIODICALLY ADVISES THE BOARD OF COUNTY COMMISSIONERS OF PROPOSED EXPENDITURES FOR A COMING YEAR. THE TRUST'S ABILITY TO EXPEND FUNDS WOULD BE CONTINGENT UPON COMPLIANCE WITH THESE PROVISIONS SO THAT THE BOARD OF COUNTY COMMISSIONERS COULD HAVE INPUT ON THE TRUST'S PLANS FOR DISBURSEMENT OF THOSE FUNDS. YOUR SECOND QUESTION ASKS WHETHER THE COUNTY OR THE HOSPITAL AUTHORITY RECEIVES THE INTEREST ON FUNDS ON DEPOSIT WITH THE COUNTY TREASURER. TITLE 19 O.S. 682 [19-682] (1986) PROVIDES THAT INTEREST ACCRUING ON PRACTICALLY ALL COUNTY DEPOSITORY ACCOUNTS WITH THE COUNTY TREASURER GOES TO THE COUNTY GENERAL OR CONTINGENCY FUND. THERE MAY BE AN ARGUMENT THAT 682 ONLY APPLIES TO COUNTY OFFICERS AND BOARDS THAT MUST DEPOSIT FUNDS WITH THE COUNTY TREASURER. IT IS MY VIEW THAT A PUBLIC TRUST IN THE ABSENCE OF LANGUAGE IN THEIR TRUST INDENTURE TO THE CONTRARY IS FREE TO DEPOSIT TRUST FUNDS IN BANKS AND OTHER LAWFUL DEPOSITORIES. I BELIEVE THE BETTER VIEW TO BE THAT IF THE COUNTY PUBLIC TRUST DEPOSITS ITS FUNDS WITH THE COUNTY TREASURER THE INTEREST ON THESE FUNDS WOULD BE TREATED AS INTEREST RECEIVED ON OTHER DEPOSITS AND WOULD BE CREDITED TO THE GENERAL OR CONTINGENCY FUND AT THE COUNTY. SEE A.G. OPIN. NO. 85-100. YOUR THIRD QUESTION ASKS WHETHER THE BOARD OF TRUSTEES WOULD STILL HAVE TO ACCOUNT FOR INTEREST INCOME ON FUNDS ON DEPOSIT WITH THE COUNTY TREASURER. SINCE THE TRUST WILL NOT RECEIVE THE INTEREST INCOME ON THESE FUNDS, IT WOULD NOT SEEM MANDATORY THAT THE TRUST AUTHORITY ACCOUNT FOR SAID INTEREST INCOME AS THEY WILL NOT CONTROL ITS DISPOSITION. AS A PRACTICAL MATER THE TRUST AUTHORITY, AS CURRENTLY OPERATED, SEEMS TO BE ACTING ONLY AS A RENT COLLECTOR. UNLESS THIS TRUST AUTHORITY AND THE BOARD OF COUNTY COMMISSIONERS INTEND FOR THE TRUST AUTHORITY TO TAKE A MORE ACTIVE ROLE TO FINANCE ADDITIONAL HOSPITAL PROJECTS IT WOULD SEEM THAT THE AUTHORITY IS CURRENTLY AN UNNECESSARY LINK IN THE CHAIN OF THE HOSPITAL MANAGEMENT AND CONTROL. SERIOUS THOUGHT SHOULD BE GIVEN TO THE IDEA OF WINDING UP THE TRUST AFFAIRS AND SIMPLY HAVE THE COUNTY RECEIVE THE FULL BENEFIT OF THE RENTAL PAYMENTS FROM THE CREEK NATION. (THOMAS L. SPENCER)